UNITED STATES of America,
Plaintiff-Appellee,

v.

G. T. BRANDON and Brandon Brothers
Used Cars, Inc., Defendants-Appellants.

No. 78–5396.

United States Court of Appeals,
Sixth Circuit.

Argued April 3, 1979.

Decided May 3, 1979.

E. W. Rivers, Paducah, Ky., for defendants-appellants.

Albert Jones, U. S. Atty., Louisville, Ky., John J. Powers, III, Asst. Chief Appellate Section, Antitrust Div., U. S. Dept. of Justice, Washington, D. C., J. Mark Manner, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before EDWARDS, Chief Judge, ENGEL, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

EDWARDS, Chief Judge.

This is an appeal from a conviction of the proprietor of a used car business, and the corporation on two counts of violating 15 U.S.C. § 1984 and § 1990c (1976) by the alteration of odometers on two automobiles.

The individual defendant received a 45-day sentence and a $5,000 fine on each count, with the sentences to be served concurrently. Before this court the appellants contend that Brandon, the owner of the business, suffered constitutional deprivations by the government violating his due process rights in questioning him before a federal grand jury. Both defendants also contend that their Fourth Amendment rights were violated when federal agents entered the used car premises and read the odometer figures, according to the agents, through the car windows. In addition, defendants argue that the two cars in relation to which the convictions occurred had been sold by Brandon to a cousin, Jackie Brandon, before the agents observed the sub-

stantially reduced odometer mileage which established that the odometers had been altered.

 Our inspection of the claimed due process abuse before the grand jury disclosed no such due process abuse as was involved in *United States v. Doss*, 563 F.2d 265 (6th Cir. 1977), nor could we ascertain any prejudice involved in his answers to the six questions which the District Judge required him to answer. Appellant appears from the record to have somewhat erratically claimed the Fifth Amendment in relation to some questions and answered without compulsion as to others. As to this issue we find neither due process abuse nor prejudice to the fairness of Brandon's trial.

As to the Fourth Amendment claims, it appears that the District Judge correctly denied defendant's motion to suppress the odometer and vehicle identification numbers applicable to the two vehicles involved in these convictions. The agents' testimony in relation to them was undisputed. It was to the effect that they entered the used car lot, looked at the automobile, and were never asked to leave or forbidden to look in the windows. This was a commercial establishment open to the public, and the owner's expectations of privacy could not be comparable to those situations involving entrance into a home or breaking into an automobile. *See Cardwell v. Lewis*, 417 U.S. 583, 590, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974).

As to defendants' defense, based upon the argument that the cars involved had already been sold to Brandon's cousin, Jackie, these claims were laid before the jury, along with government proofs that clearly indicated that the cars had been purchased by defendants and kept on the lot under the possession and control of defendants until the date of observation of the altered odometers. Under these facts the jury had a right to conclude that defendants were responsible for the alteration.

The judgments of conviction are affirmed.