MILLS, APPELLANT, *v.*
MANSE, D.B.A. MANSE AUTO SALES,
APPELLEE.

(No. CA-7185—Decided
August 24, 1987.)

*Virgil F. Mills* and *Daniel M. Mills,* for appellant.
*Michael P. Zirpolo,* for appellee.

PUTMAN, P.J. Plaintiff-appellant, Daniel M. Mills, filed suit against defendant-appellee, alleging noncompliance with the odometer disclosure requirements of the federal Motor Vehicle Information and Cost Savings Act of 1972, Sections 1988(b) and (c), Title 15, U.S. Code. Appellant sought statutory and punitive damages. Appellee moved for summary judgment, arguing substantial compliance, and the Canton Municipal Court granted the motion on such grounds.

Appellant appeals, assigning a single error:

"The trial court erred in upholding the defendant's motion for summary judgment when the record shows that the defendant accepted an incomplete odometer disclosure statement, in violation of 15 USC 1988 (c) and 40 CRF 580 [*sic*], and then resold the vehicle, the subject of this action, in violation of 15 USC 1988(b)."

Summary judgment is appropriate where the supporting evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C). All evidence is to be construed in favor of the nonmoving party. See *Mitseff* v. *Wheeler* (1988), 38 Ohio St. 3d 112, 526 N.E. 2d 798. "The Court is not to resolve issues of fact, but rather determine whether

there are any material issues of fact to be tried." *Tye* v. *Spitzer-Dodge* (S.D. Ohio 1980), 499 F. Supp. 687, 688; *Long* v. *Lohmyer* (Mar. 30, 1987), Stark App. No. CA-6983, unreported.

The facts of this case are relatively simple. James Donald Martin transferred ownership of a 1984 300 ZX Datsun to appellee. The accompanying Georgia certificate of title had several defects with respect to the odometer disclosure portion on the reverse side of the certificate. The date of sale and odometer reading were conspicuously absent, and Martin failed to check one of the two boxes regarding the accuracy of the odometer reading. In order to obtain a valid Ohio certificate of title, appellee submitted an "Out of State Motor Vehicle Inspection Form" and a South Carolina "Odometer Disclosure Statement." The odometer disclosure statement also does not fully comply with the strict requirements provided in Section 1988(a), Title 15, U.S. Code, and Sections 580.4 and 580.6, Title 49, C.F.R. After acquiring the Ohio title, appellee then transferred the automobile to Downtown Ford, Inc., from which appellant bought the automobile.

Upon inspecting the chain of title in the Stark County Clerk of Courts office, appellant found only the Georgia certificate of title with its incomplete written odometer disclosure.

Since appellant alleges two separate statutory violations, we will discuss each separately.

Section 1988(c), Title 15, U.S. Code
Sections 580.1 *et seq.,* Title 49, C.F.R.

Title IV of the Motor Vehicle Information and Cost Savings Act of 1972, Sections 1981-1991, Title 15, U.S.

Code, was passed to protect consumers who purchase automobiles that may suffer from odometer defects and to prevent odometer tampering. See *Tye, supra; Jones* v. *Fenton Ford, Inc.* (D. Conn. 1977), 427 F. Supp. 1328; Senate Report No. 92-413, reprinted in 1972 U.S. Code Cong. & Adm. News 3960. The law is to be construed vigorously so as to effectuate this Congressional purpose.[1] *Ryan* v. *Edwards* (C.A. 4, 1979), 592 F. 2d 756.

"Both the language of the statute and its history show that it has one purpose: to enable the purchaser of a motor vehicle to know how many miles the vehicle has traveled, as a guide to its safety, reliability and value. The requirement imposed by § 1988(a) is simple. Every person purchasing a car must be given a written statement of the vehicle's mileage if it is known." (Footnote omitted.) *Id.* at 760.

This rule of statutory construction was summarized in 1584 in *Heydon's Case* (K.B. 1584), 76 Eng. Rep. 637, 638, as follows:

"And it was resolved by them, that for the sure and true interpretation of all statutes in general (be they penal or beneficial, restrictive or enlarging of the common law), four things are to be discerned and considered:—

"1st.   What was the common law before the making of the Act.

"2nd.   What was the mischief and defect for which the common law did not provide.

"3rd.   What remedy the Parliament hath resolved and appointed to cure the disease of the commonwealth.

"And, 4th.   The true reason of the remedy; and then the office of all the Judges is always to make such construction as shall suppress the

---

[1] The strong Congressional policy regarding odometers is reflected in the fact that Congress made odometer tampering a federal crime. Section 1984, Title 15, U.S.

Code; *United States* v. *Townsend* (C.A.6, 1986), 796 F. 2d 158; *United States* v. *Brandon* (C.A.6, 1979), 599 F. 2d 112, certiorari denied (1979), 444 U.S. 837.

mischief, and advance the remedy, and to suppress subtle inventions and evasions for continuance of the mischief, and *pro privato commodo,* and to add force and life to the cure and remedy, according to the true intent of the makers of the Act, *pro bono publico."* (Footnotes omitted.)

Compare R.C. 1.49.

Section 1988(a), Title 15, U.S. Code requires the Secretary of Transportation to promulgate rules according to which the transferor must give the following written disclosures to the transferee in connection with the transfer of ownership of a motor vehicle:

"(1) Disclosure of the cumulative mileage registered on the odometer.

"(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled."

Section 1988(a) also mandates rules that prescribe the manner in which odometer information will be disclosed and the manner in which such information will be retained. These regulations were duly promulgated by the secretary. Section 580.1 *et seq.,* Title 49, C.F.R. Contrary to the trial court's assertions, these regulations are consistent with the stated purpose of Congress in enacting the statute, namely, to establish certain safeguards for the protection of purchasers of motor vehicles and to allow for private civil suits to enforce those safeguards. The regulations are not invalid as resulting from an unlawful delegation of authority. *Leslie* v. *George Thompson*

*Ford, Inc.* (N.D. Ga. 1979), 484 F. Supp. 954.

With regard to appellant's first claim, the statute provides:

"No transferee who, for purposes of resale, acquires ownership of a motor vehicle shall accept any written disclosure required by any rule prescribed under this section if such disclosure is incomplete." Section 1988(c), Title 15, U.S. Code.

In providing for private civil suits to enforce liability for violations of odometer disclosure requirements, Congress added:

"(a) Any person who, *with intent to defraud,* violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of —

"(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

"(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court." (Emphasis added.) Section 1989(a), Title 15, U.S. Code.[2]

Because Section 1989 requires intent to defraud, a violation does not automatically lead to civil liability.

The trial court found only substantial compliance with the federal odometer disclosure requirements. The language of the regulations, as well as the statute, makes clear that the duties upon a transferee who acquires ownership of a motor vehicle for purposes of resale are mandatory. Full, not substantial, compliance is

---

[2] The federal statute is to be contrasted with the Ohio Odometer Law of 1977, R.C. 4549.41 *et seq.,* which does not require proof of an intent to defraud. See *Flint* v. *Ohio Bell Tel. Co.* (1982), 2 Ohio App. 3d 136, 2 OBR 150, 440 N.E. 2d 1244 (transferors of motor vehicles are strictly liable for violations of Ohio's odometer law). There is also no requirement to prove fraudulent intent in a breach of warranty action.

contemplated. The regulations mandate, as the trial court recognized, that the required information appear in a single document. The information may appear on the state certificate of title if it provides all the information required by the regulations, or if it is approved by the National Highway Traffic Safety Administration. Section 580.4(f)(1), Title 49, C.F.R.

It is undisputed that some mandatory information is absent from the Georgia certificate of title. Additional information was provided by the South Carolina odometer' disclosure statement. However, the date of sale was never provided in either of these documents. We hold that the Georgia certificate of title was an incomplete written odometer disclosure as contemplated by Section 1988(c) and the regulations promulgated thereunder.

The next and crucial question is whether reasonable jurors could conclude that appellee Manse, the transferee of the Georgia title, had the requisite intent to defraud when he transferred title to Downtown Motors, checking the box on the title indicating that the mileage was then accurate given the fact that because of the previous incomplete written odometer disclosure, he knew he had no means to know whether that fact was true.

Fraudulent intent cannot be presumed but it may be inferred from certain facts unless a contrary intent appears from all the evidence. *Tye, supra,* at 690, fn. 5; *Clayton* v. *McCary* (N.D. Ohio 1976), 426 F. Supp. 248. Cf. *Mayes* v. *Warren Hollon Motors* (S.D. Ohio 1975), 410 F. Supp. 768, 769 (fraudulent intent inferred from actual rollback of odometer); *Delay* v. *Hearn Ford* (D.S.C. 1974), 373 F. Supp. 791, 796) ("[a]n intent to defraud arises from the proof of the foregoing in the absence of an explanation of the odometer change"). A reckless disregard for the truth permits, but does not require, an inference of intent to defraud. *Tusa* v. *Omaha Auto. Auction, Inc.* (C.A.8, 1983), 712 F. 2d 1248; *Harden* v. *Gregory Motors* (Wyo. 1985), 697 P. 2d 283 (precluding summary judgment). An intent to defraud may also be inferred from gross negligence, should the jury find that proper from all the evidence. *Pepp* v. *Superior Pontiac GMC, Inc.* (E.D. La. 1976), 412 F. Supp. 1053, 1055-1056. More pertinent to the instant case, fraudulent intent may be established by constructive knowledge, unless a contrary intent appears. *Nieto* v. *Pence* (C.A.5, 1978), 578 F. 2d 640.

Permitting consumers to establish fraudulent intent by inference is a judicial response to the problem of persons avoiding actual knowledge of irregularities or omissions by closing their eyes to those irregularities or omissions, and thereby defeating the purposes of the statute. *Nieto, supra,* at 642. A failure to investigate in the face of obvious irregularities or omissions may give rise to an inference of an intent to defraud that reasonable jurors might elect to draw. *Tusa, supra,* at 1254. In addition, there is no evidence that appellee had any procedure to investigate patently incomplete written odometer disclosures in preparing to fill out proper disclosures on resale.[3] See *Tusa, supra,* at 1254 (lack of such a procedure buttressed a showing of reckless disregard for the truth). Constructive knowledge on the part of an automobile dealer flows from a dealer's failure to investigate when he is on notice that a prior odometer statement may be incorrect. *Clayton* v. *McCary, supra.*

---

[3] The Senate Report suggests that auto dealers adopt business practices reasonably calculated to uncover incorrect odometer readings. *Nieto, supra,* at 642, fn. 3.

In light of the patent incompleteness of the written odometer disclosure on the Georgia certificate of title, the trial court erred in granting summary judgment. Appellee's acceptance of this incomplete disclosure, coupled with his unqualified certification to Downtown Motors, Inc. that the then odometer reading was correct, gives rise to a reasonable inference of an intent to defraud. Substantial compliance may weigh in the balance as to such intent, but it is always a decision for the triers of fact to make whether all the evidence justifies their election to draw the inference.

It is for the jury to determine from all the surrounding circumstances, as shown by all the evidence, whether such intent to defraud is to be so inferred.

The jury must be instructed that even if they find that Manse did transfer title to Downtown Motors conscious that he was certifying the mileage to be then correct and also conscious of the blanks in the Georgia title by which he acquired the title himself, he is not liable to Mills unless they also find that all the evidence shows clearly and convincingly that he intended thereby to defraud subsequent purchasers of that vehicle.

Section 1988(b), Title 15, U.S. Code

Section 1988(b), provides:

"No transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule."

Again, a person must violate this subsection with an intent to defraud to be civilly liable. Section 1989(a).

The undisputed facts show that appellee accepted an incomplete written odometer disclosure. A reasonable inference from that acceptance is appellee's intent to defraud. Appellee then transferred ownership of the automobile to Downtown Ford, Inc., with a new Ohio certificate of title. Because of the incomplete written odometer disclosure provided appellee by Martin, a question of fact is presented whether appellee could pass title alleging that the odometer reading was true and accurate without an intent to defraud the transferee. Such an inference of intent is buttressed by appellee's supplementation of an equally incomplete written odometer disclosure (the South Carolina odometer statement) in order to obtain the Ohio certificate of title. Again, appellant need not directly show for purposes of summary judgment, or prove for purposes of trial, actual knowledge. Facts may give rise to an inference of such intent, and appellee may be found to have constructive knowledge if the incompleteness or irregularities were such that appellee could not simply "close his eyes" to them and allege the mileage reading on the odometer was correct to the best of his knowledge.

The trial court's grant of summary judgment was in error because of the disputed facts and its erroneous interpretation of the applicable law. Appellant's assignment of error is sustained.

The judgment of the Canton Municipal Court is reversed, and this cause is remanded to that court for further proceedings according to law.

*Judgment accordingly.*

MILLIGAN and TURPIN, JJ., concur.