**PRICKETT, Appellant,**

**v.**

**FOREIGN EXCHANGE, INC., Appellee.**

[Cite as *Prickett v. Foreign Exchange, Inc.* (1990), 68 Ohio App.3d 236.]

Court of Appeals of Ohio,
Montgomery County.

No. 11802.

Decided June 26, 1990.

*Robert N. Berger*, for appellant.

*Larry J. Denny* and *James M. Hill*, for appellee.

BROGAN, Judge.

Dan Prickett brought suit for damages and/or the rescission of an automobile sales contract, alleging that the seller, Foreign Exchange, Inc. had violated the Odometer Rollback and Disclosure Act, R.C. 4549.41 *et seq.* The trial court sustained Foreign Exchange's motion for summary judgment on the ground that Prickett could not show that the dealership knew that the odometer reading was incorrect. Prickett appeals this judgment, asserting as his sole assignment of error that the statutes in question impose strict liability, thus not requiring a demonstration of actual knowledge. For reasons stated more fully below, we will affirm the trial court's judgment.

On June 24, 1985, Foreign Exchange, a car dealership in Dayton, purchased a 1982 Jaguar XJ6 from RAM Financial Corporation ("RAM") at an automobile auction in Louisville, Kentucky. Pursuant to Ky.Rev.Stat. 190.300, RAM executed an odometer disclosure statement which it gave to Foreign Exchange along with the title to the Jaguar. On this statement RAM indicated that the odometer read 28,633 miles and certified "to the best of my knowledge that the odometer reading is and reflects the actual mileage of the vehicle." This reading, however, did not reflect the actual mileage of the car.

On the left inside door frame was a sticker which read: "ODOMETER NOTICE: ODOMETER HAS BEEN REPAIRED OR REPLACED AND SET TO ZERO ON 3–9–83. PRIOR TO REPAIR OR REPLACEMENT MILEAGE WAS 14,800. OWNER OR AGENT UNLAWFUL TO REMOVE OR ALTER." There is no indication that either RAM or Foreign Exchange noticed this sticker, despite the fact that the laws of both Kentucky (Ky.Rev.Stat 190.290) and Ohio (R.C. 4549.42[C]) require such a sticker to be affixed to the left inside door frame when odometer repairs have taken place.

Foreign Exchange returned to Ohio with the Jaguar. The car was inspected by the Ohio Bureau of Motor Vehicles, which certified its mileage to be 28,692, thus also disregarding the additional 14,800 miles that the Jaguar had actually been driven.

On June 27, 1985, Foreign Exchange sold the Jaguar to Prickett for $19,700 plus $1,182 in taxes. Prickett traded in a 1981 Mazda 626, which reduced the purchase price by $3,000. Pursuant to R.C. 4505.06(B)(3) (now R.C. 4505.-07[G][8]), Foreign Exchange listed the Jaguar's mileage as 28,702, whereas the actual mileage was 14,800 greater, or 43,502 miles.

A few months after Prickett took delivery of the car, it developed mechanical problems. While the car was being repaired, a mechanic pointed out the odometer repair notice to Prickett, who then contacted Foreign Exchange about the mileage discrepancy.

Eventually, Prickett filed suit under the Odometer Rollback and Disclosure Act, R.C. 4549.41 *et seq.*, requesting, *inter alia*, rescission of the sales contract and return of both the $15,518 tendered and the 1981 Mazda 626 trade-in. Both parties moved for summary judgment and the matter was referred to a referee. After a hearing, the referee recommended that summary judgment be entered for Prickett. However, the trial court sustained objections to this recommendation and entered summary judgment for Foreign Exchange.

As his sole assignment of error, Prickett asserts that:

"The trial court erred in rendering summary judgment in favor of defendant on plaintiff's complaint on the basis that Section 4549.46 O.R.C. does not impose strict liability on the transferor of a motor vehicle who fails to comply with the odometer disclosure requirements of Section 4549.46 O.R.C."

The relevant sections of the Odometer Rollback and Disclosure Act were amended after this action was filed. Therefore, we must apply the statutes as they existed in their pre-amendment versions. *State, ex rel. Slaughter, v. Indus. Comm.* (1937), 132 Ohio St. 537, 8 O.O. 531, 9 N.E.2d 505.

Both parties draw the court's attention to R.C. 4549.46(A) which read in its pre-amendment form:

"No person shall fail to provide the true odometer disclosure required by 4505.06 of the Revised Code. The transferor of this motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in Sections 4549.42 to 4549.46 of the Revised Code, unless the transferor *knows* of the violation." (Emphasis added.)

The required disclosure referred to is the statement by Foreign Exchange, quoted *supra*, that the odometer reading reflects the actual mileage of the vehicle. The sole issue of this appeal is whether the Odometer Rollback and Disclosure Act requires that the transferor have *actual* knowledge that the odometer reading is incorrect before the liability provisions of R.C. 4549.46(A) attach. For reasons stated more fully, we find that actual knowledge is required under this version of the statute.

This court has recognized that the first sentence of R.C. 4549.46(A) imposes strict liability. *Hammock v. Lozan* (Feb. 26, 1987), Montgomery App. No. 9939, unreported, 1987 WL 7048. However, that holding was explicitly limited to instances where "[n]othing in the record suggests that the second sentence of R.C. 4549.46 is implicated." *Id.* at 6. It is uncontroverted that the instant case does trigger the second sentence because the rollback of the odometer occurred while the Jaguar was in possession of a previous owner, not Foreign Exchange.

The leading case in this area is universally acknowledged to be *Flint v. Ohio Bell Tel. Co.* (1982), 2 Ohio App.3d 136, 2 OBR 150, 440 N.E.2d 1244. Like *Hammock*, *Flint* recognized that the first sentence of R.C. 4549.46 imposes strict liability because no culpable mental state is attached to the duty to disclose. Also like *Hammock*, *Flint* did not present facts implicating the second sentence since the transferor was the *only* previous owner of the vehicle in question. Unlike the first sentence, the second sentence clearly attaches a culpable mental state by requiring that a transferor "knows of the violation" when "the odometer reading is incorrect due to a previous owner's violation." None of the cases cited by Prickett apply to the second sentence of R.C. 4549.46(A) or construe the word "knows" as it appears therein; they merely rely on *Flint* which is limited by its facts to situations where the odometer discrepancy is *not* caused by a previous owner.

The plain meaning of the word "knows" in this context is that the transferor must have *actual* knowledge of odometer discrepancies caused by previous owners before he can be held liable for them. This construction is supported by the fact that the General Assembly saw fit to amend R.C.

4549.46(A) to read that a transferor is not culpable for a previous owner's having rolled back the odometer "unless the transferor knows of or *recklessly disregards* facts indicating the violation." (Emphasis added.) If the previous statute had encompassed more than actual knowledge, this amendment would have been unnecessary. An experienced auto dealer's failure to take note of an odometer repair notice placed where it is required to be by statute might constitute reckless disregard under the current statute, but it does not constitute actual knowledge as was required by the relevant version of R.C. 4549.46(A).

Nothing in the record indicates that Foreign Exchange actually knew that the Jaguar's odometer was incorrect by 14,800 miles. Prickett's own testimony is most enlightening in this matter:

"Q. You're not alleging here that the Foreign Exchange had any knowledge of the mileage difference from that registering on the odometer, are you?

"A. I'm not alleging that.

"Q. Okay. In fact, you are aware through your diligent search and informational gathering that the transaction and the odometer changing or set-back or whatever modification we want to call it, was done by the owner prior to the Foreign Exchange or at least that's where the problem gap was?

"A. The record indicates that.

" * * *

"Q. Sure. You're not claiming John Higgins or the Foreign Exchange set it back? His signing and saying while in my possession it was not set back, is an accurate statement?

"A. No, I'm not alleging that he's misrepresenting his possession of it.

"Q. Right. Okay. And the other statement, 'to the best of our knowledge, the odometer reflects the actual reading,' you're not saying that he had any other knowledge, so that statement's also true, to your knowledge?

"A. Uh-huh."

Thus, Prickett has conceded that Foreign Exchange had no actual knowledge of the odometer discrepancy. There being no dispute as to the relevant facts, summary judgment in favor of Foreign Exchange was appropriate.

Prickett's sole assignment of error having been found to be not well taken, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

WOLFF, P.J., and GRADY, J., concur.