HUBBARD, Appellant,

v.

BOB McDORMAN CHEVROLET, Appellee.

[Cite as *Hubbard v. Bob McDorman Chevrolet* (1995), 104 Ohio App.3d 621.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE11–1669.

Decided June 15, 1995.

*Richard M. Wallar,* for appellant.

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A.,* and *Kevin Bush,* for appellee.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Cassandra J. Hubbard, appellant, from the October 26, 1994 judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of Bob McDorman Chevrolet, appellee.

On appeal, appellant asserts the following assignment of error:

"The trial court erred in granting defendant's motion for summary judgment when there was a failure to disclose the true vehicle mileage and when there were disputed issues of fact regarding the defendant's knowledge and conduct."

The history of this case is as follows. On February 22, 1992, appellee sold a 1987 Ford Bronco to appellant. It is undisputed that appellee represented that the true and actual mileage on this vehicle was 62,779 miles. However, appellant later noticed that the odometer reflected a three-hundred-eighteen-mile difference which was never reflected on the odometer statement given to appellant by appellee. Thus, at the time of sale, the actual mileage on the vehicle odometer was 63,097 miles. Appellant filed a complaint alleging that appellee had violated both the "Federal Odometer Disclosure Law" (Section 1981 *et seq.,* Title 15, U.S.Code) (hereinafter "federal statute") and the Ohio odometer statute (R.C. 4505.06 and 4549.41 *et seq.* ) by its failure to provide her with an accurate vehicle odometer statement at the time of sale. Appellant also alleged that the engine in the vehicle had been replaced and that the car had also been salvaged in 1989. Thus, appellant alleged that appellee made material misrepresentations as to the condition of the vehicle that she was purchasing, and, therefore, also violated the Consumer Sales Practices Act, R.C. 1345.01 *et seq.* Appellee filed a motion for summary judgment as to all of appellant's claims, and the trial court granted summary judgment in favor of appellee on October 26, 1994.

Summary judgment is proper if reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence or stipulations construed most strongly in his favor. Civ.R. 56; *Lytle v. Columbus* (1990), 70 Ohio App.3d 99, 590 N.E.2d 421. Moreover, the Ohio Supreme Court has held that "[a] motion for summary judgment forces the

nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. (*Celotex v. Catrett* [1986], 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265], approved and followed.)" *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. Thus, following the rationale in *Wing,* appellant must affirmatively demonstrate the facts which would entitle her to relief. *Baughn v. Reynoldsburg* (1992), 78 Ohio App.3d 561, 563, 605 N.E.2d 478, 480.

On appeal, appellant presents three issues for her position that the trial court's award of summary judgment was improper. Appellant first asserts that appellee violated the federal statute, although appellant concedes that the federal statute requires that appellant prove that appellee had an intent to defraud. However, appellant argues that such an intent may be shown by demonstrating that appellee had actual or constructive knowledge, unless a contrary intent appears. *Mills v. Manse* (1987), 41 Ohio App.3d 361, 364, 535 N.E.2d 1378, 1381-1382, citing *Nieto v. Pence* (C.A.5, 1978), 578 F.2d 640.

This court must determine if appellant affirmatively demonstrated facts which would preclude summary judgment on the issue of whether or not appellee had the requisite intent needed to demonstrate a violation of the federal statute.

Although neither party, in their respective motions, attached supporting affidavits as set forth in Civ.R. 56(E), the record does contain the deposition testimony of Roger L. Schorr, an employee of appellee, and appellant. Civ.R. 56(C) provides that summary judgment shall be rendered "if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As previously noted, appellant has conceded that she must affirmatively demonstrate that appellee had an intent to defraud in order to recover under the federal odometer statute. *Baughn; Wing, supra.* In an effort to demonstrate that appellee had the requisite intent to defraud for purposes of the federal statute, appellant argues that appellee knew of cases in the past that involved incorrect mileage on the odometer statements and, for that reason, had constructive knowledge that this particular odometer statement was inaccurate.

Although Roger Schorr acknowledged that there had been many problems in the past with incorrect mileages being reflected on odometer statements, and also acknowledged that the incorrect mileage was reflected on the odometer statement in this case, appellant has presented no evidence that appellee *intended* to defraud appellant by giving her an incorrect odometer statement. Schorr testified that it was a clerical mistake and that there was no intention to defraud appellant. Notably, the odometer itself was clearly visible to appellant and she

testified that she knew the actual mileage was over 63,000 miles when she drove the vehicle off the lot.

Moreover, as appellee notes, the federal statute is designed to protect consumers from odometer tampering. As noted by the *Mills* court, this Act "was passed to protect consumers who purchase automobiles that may suffer from odometer defects and to prevent odometer tampering." *Id.*, 41 Ohio App.3d at 362, 535 N.E.2d at 1380. Appellant did not present any evidence to suggest, nor has she alleged, that appellee tampered with the odometer in question. Nor has she presented any evidence to suggest, nor has she alleged, that the odometer was defective.

■ Appellant directs this court to the language in the *Mills* opinion, which states that " '[b]oth the language of the statute and its history show that it has one purpose: to enable the purchaser of a motor vehicle to know how many miles the vehicle has traveled, as a guide to its safety, reliability and value.' " *Id.*, 41 Ohio App.3d at 362, 535 N.E.2d at 1380, citing *Ryan v. Edwards* (C.A.4, 1979), 592 F.2d 756, 760. Unlike the Ohio statute, however, the federal statute does not impose strict liability. Thus, a violation of the federal statute does not automatically lead to civil liability, as one must demonstrate that the intent to defraud was also present. *Id.*, 41 Ohio App.3d at 363, 535 N.E.2d at 1380–1381. This court agrees with appellant's assertion that intent to defraud may be inferred. As noted by the *Mills* court:

"Permitting consumers to establish fraudulent intent by inference is a judicial response to the problem of persons *avoiding actual knowledge of irregularities or omissions* by closing their eyes to those irregularities or omissions * * *. Constructive knowledge on the part of an automobile dealer flows from a dealer's failure to investigate *when he is on notice that a prior odometer statement may be incorrect.*" (Emphasis added.) *Id.*, 41 Ohio App.3d at 364, 535 N.E.2d at 1382.

■ However, appellant has failed to affirmatively demonstrate that appellee had any knowledge that an irregularity or omission appeared on either the current odometer statement, or a prior odometer statement involving this vehicle. This burden is on appellant in order to withstand a motion for summary judgment. *Wing; Baughn, supra;* Civ.R. 56(E). For that reason, appellant's claims regarding the federal statute are not well taken, and the trial court's granting of summary judgment as to appellant's claims pursuant to Section 1981 *et seq.*, Title 15, U.S.Code is affirmed.

However, appellant's claims regarding the Ohio odometer statute are well taken.

R.C. 4549.46(A) provides as follows:

"No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code. * * *"

An exception to the strict liability provided for in the first sentence of the statute is provided by the second sentence, which states:

"The transferor of a motor vehicle is not in violation of this section's provisions requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation."

Initially, this court notes that both parties agree that a prior owner's violation is not involved in this case and that the discrepancy occurred while the vehicle was in the possession of appellee. Thus, the first sentence of R.C. 4549.46, imposing strict liability, applies. Accordingly, many of the cases cited by appellee are not directly on point, insofar as they involve a prior owner's violation. See *Prickett v. Foreign Exchange, Inc.* (1990), 68 Ohio App.3d 236, 587 N.E.2d 972; *Moon v. Miller* (1991), 77 Ohio App.3d 157, 601 N.E.2d 534.

As noted by the court in *Baker v. Hurst Buick* (May 2, 1988), Warren App. No. CA86–08–054, unreported, 1988 WL 41486, proof of the statutory violation alone is sufficient to impose liability and one need not demonstrate any sort of fraudulent intent. Moreover, the fact that appellant may have had actual knowledge of the true odometer reading does not abdicate appellee from its responsibility to provide an accurate odometer statement. In *Baek v. Cincinnati* (1988), 43 Ohio App.3d 158, 161, 539 N.E.2d 1149, 1152, the court stated that "R.C. 4549.49 holds a transferor strictly liable to any subsequent transferee for a violation of R.C. 4549.46(A), without regard for the transferor's intent *or the transferee's knowledge.*" (Emphasis added.) Nor does the Ohio statute require actual tampering with the odometer. Rather, such liability exists simply as a result of nondisclosure of the true mileage on a previous title, regardless of whether there is any actual odometer tampering. *Baker v. Hurst Buick, supra.*

The leading case in Ohio on the strict liability provision of R.C. 4549.46 is *Flint v. Ohio Bell Tel. Co.* (1982), 2 Ohio App.3d 136, 2 OBR 150, 440 N.E.2d 1244. The *Flint* court noted that R.C. 4549.46 does not require a specific culpable mental element, stating:

"R.C. 4549.42 through 4549.45 each specify a culpable mental element. R.C. 4549.42 prohibits tampering with the odometer with intent to alter the number of miles registered. R.C. 4549.43 forbids the sale, use or installation of a device designed to affect the true odometer reading * * *.

"R.C. 4549.46 is the only section in the Odometer Rollback and Disclosure Act that fails to specify a culpable mental state. The mere fact that the legislature

fails to specify the degree of culpability does not, by itself, create strict liability. *However, the absence of a mental element in R.C. 4549.46 where the legislature clearly provided for culpable intent in the preceding sections plainly indicates a legislative purpose to hold transferors who violate R.C. 4549.46 strictly liable for their conduct.*" (Emphasis added.) *Id.,* 2 Ohio App.3d at 137, 2 OBR at 151, 440 N.E.2d at 1246.

■ Appellee argues that the discrepancy in this case is a mere three hundred and eighteen miles, that the purpose of the statute was not intended to hold parties strictly liable for *de minimis* violations, and that appellant has not suffered damages as a result of the inaccurate odometer statement. We disagree. As noted above, the first sentence of R.C. 4549.46 and case law interpreting this statute provide for strict liability. Moreover, R.C. 4549.49 provides for the following damages:

"(A) Any person who violates any requirement imposed by sections 4549.41 to 4549.46 of the Revised Code is liable to any transferee of the motor vehicle subsequent to the violation, in an amount equal to:

"(1) Three times the amount of actual damages sustained or fifteen hundred dollars, whichever is greater; and

"(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorneys' fees as determined by the court."

For all the above reasons, this court finds that the trial court erred in granting summary judgment as to appellant's claim under the Ohio odometer statute, specifically, the first sentence of R.C. 4549.46(A).

■ Appellant has also alleged violations of the Consumer Sales Practices Act, found at R.C. 1345.01 *et seq.* Specifically, appellant alleged that appellee's employee represented to her that the vehicle being transferred had its original parts and no defects. Appellant alleged that appellee misrepresented the condition of the vehicle, because the vehicle did not have its original engine and it was also a salvage vehicle. Thus, appellant alleged that these practices violated R.C. 1345.02. Initially, this court notes that R.C. 1345.02 does not require intent on the part of appellee. Thus, appellant did not have the burden of demonstrating that appellee intended to commit an unfair or deceptive sales practice.

■ Appellant specifically notes that R.C. 1345.02(B)(2) defines an unfair or deceptive act or practice as a representation "[t]hat the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not[.]" Thus, appellant alleges that appellee committed a deceptive and unfair act when appellee allegedly represented that the engine was the

original engine. Appellant asserts that the vehicle sold had a replacement engine and was, therefore, not of a particular standard or quality; thus, appellee's alleged statements to the contrary constituted a deceptive and unfair act.

Appellant also cites Ohio Adm.Code 109:4–3–16(B)(14) for her proposition that appellee violated the Consumer Sales Practices Act by its failure to tell her that the vehicle had been previously wrecked and repaired. Ohio Adm.Code 109:4–3–16(B)(14) provided that:

"(B) It shall be a deceptive and unfair act or practice for a dealer * * * to:

" * * *

"(14) Fail to disclose * * * any defect and/or the extent of any previous damage to such vehicle, retail repair cost of which exceeds or exceeded three hundred dollars excluding damage to glass, tires and bumpers where replaced by identical equipment. *The above disclosure is required when the dealer has actual knowledge of the defect and/or damage and the vehicle is a new motor vehicle as defined in division (C) of section 4517.01 of the Revised Code* [.]" (Emphasis added.)

Clearly, appellant's citation to the Ohio Administrative Code is misplaced. Appellant has failed to affirmatively demonstrate that the dealer had actual knowledge of the defect, insofar as there is no evidence to demonstrate that appellee knew the vehicle had been salvaged. Moreover, it is undisputed that the vehicle involved is not a new motor vehicle. Thus, this provision of the Ohio Administrative Code does not apply.

However, this court must still address the issue of whether appellant has affirmatively demonstrated that reasonable minds could conclude that a deceptive and unfair act or practice was committed pursuant to R.C. 1345.02(B). Unfortunately, appellant has failed to affirmatively demonstrate those facts for which she would have the burden of proof at trial. *Wing; Baughn, supra.* Although appellant argues in her brief that material misrepresentations were made, a review of appellant's deposition testimony indicates that appellee was evasive and refused to answer her questions. While evasiveness should not be encouraged, appellant has failed to direct this court to any evidence in the record to support her assertions that material misrepresentations were affirmatively made by appellee.

The record also contains a report indicating that the vehicle had been salvaged at one point. Appellant testified that she could tell the vehicle was wrecked and gave her reasons for why she could tell that the vehicle was wrecked. Contrary to the assertions in her brief, that the prior owner ("Connie") told her the vehicle was salvaged, appellant's deposition testimony was that Connie was vague and never mentioned that the engine had been replaced, or that it was a salvaged vehicle.

Thus, the only proper evidence that we may consider, pursuant to Civ.R. 56(C), demonstrates that appellee never made any affirmative representation that the engine in this vehicle was the original. Nor is there any evidence to demonstrate that appellee knew that this vehicle was a salvaged vehicle insofar as the title did not indicate that it was a salvaged vehicle. In fact, Schorr testified that appellee did not know that the vehicle had been salvaged. Appellant's assertions in her brief are mere pleadings, and do not constitute evidence. Accordingly, appellant has failed to affirmatively demonstrate those facts which would entitle her to relief, and the trial court's granting of summary judgment on the Consumer Sales Practices Act claim is affirmed.

For all the above reasons, this court reverses the trial court's award of summary judgment as to appellant's claim under the Ohio odometer statute. However, the trial court's award of summary judgment as to appellant's claims under the federal statute and the Consumer Sales Practices Act, R.C. 1345.01 *et seq.*, are affirmed. Accordingly, appellant's sole assignment of error is sustained in part and overruled in part, and this matter is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

PETREE and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.