### Atelier Design, Inc. v. Campbell
*[Cite as 5 AOA 36]*

*Case No. 11639*
*Montgomery County, (2nd)*
*Decided July 31, 1990*

*J. Joseph Walsh, 643 Warren Street, Dayton, Ohio 45409, Attorney for Plaintiff-Appellee.*

*Donald E. Campbell, 6322 Far Hills Avenue, Centerville, Ohio 45459, Defendant-Appellant, Pro Se.*

GRADY, J.

In this appeal we are asked to determine whether alleged violations of R.C. Chp. 1345, the Consumer Sales Practices Act, may be set forth as affirmative defenses to an action for payment of an account arising from the sale transaction that produced the alleged violation. The trial court found that the Act did not provide an affirmative defense. We agree, and we will affirm the judgment of the trial court.

I

*Factual Posture*

Plaintiff-Appellee, Atelier Design, Inc., is a firm engaged in providing professional architectural and design services. In November, 1986, Defendant-Appellant, Donald E. Campbell, and his wife met with Roger Gulickson, one of the principals in the firm, and commissioned the firm to design a residence for the Campbells. At that time Gulickson estimated that Atelier's fee would be between $1,500 and $2,500.

Following their first meetings, the staff of Atelier and the Campbells met on about seven occasions to discuss design proposals. The Campbells offered their ideas and also wrote and called Atelier concerning changes requested.

In December 1986, Atelier presented its preliminary design drawings to the Campbells. In April, 1987, the Campbells indicated their approval of the preliminary design. On April 10, 1987, Campbell wrote a letter to Gulickson commending him and his staff on a fine job. On April 20, 1987, Campbell presented a memorandum requesting further changes. At the end of April, Atelier sent a bill in the amount of $1,329.75 to Campbell, which was subsequently paid.

On July 6, 1987, Atelier presented its working drawings to Campbell, representing the final product. Campbell accepted the working drawings and at the time voiced no complaints. Thereafter, Atelier sent Campbell a bill for an additional $2,322.71 for architectural and design services. That bill has never been paid, and is the subject of the action on an account brought by Atelier against Campbell in Kettering Municipal Court.

Gulickson explained that the final bill exceeded his original estimate that the fees would range from $1,500 to $2,500 because of his own "misjudgment" and additions or changes requested by Campbell and his wife. Gulickson presented time sheets showing the hours of work performed on the project by Atelier's staff. He claims that there was no cost guarantee and no condition of satisfaction attached to the agreement. He confirmed that the agreement was entirely oral and that nothing had been reduced to writing concerning his fees.

Lynn Campbell, wife of Donald Campbell, testified that they found the plans prepared by Atelier to be unacceptable for two reasons. First, because the final plans contained a far more elaborate front entrance for the residence than the Campbells wanted, they requested changes to make it conform to their desires. Second, and more importantly, the house as designed was not properly situated on its lot and required extensive modifications to make the best use of the site. Mrs. Campbell explained throughout that they had no difficulty with the floor plan, but that after the front elevations of the design were presented and the plans were compared to the site, the difficulties she described became more apparent. The plans were thus worthless and were of no value to her. The Campbells were then required to engage another architect and pay fees for his services in the amount of $4,771. The Campbells have not used the plans provided them by Atelier.

On January 4, 1989, Atelier Design, Inc., filed a complaint in Kettering Municipal Court asking judgment against Donald Campbell in the amount of $2,322.71. Donald Campbell filed an answer denying the allegation and asserting as affirmative defenses that Atelier's fees were excessive and beyond the limits quoted by Gulickson to Campbell, that the plans were not acceptable to Campbell and did not conform to his requested changes, and that Atelier's conduct was in violation of R.C. 1345, the Consumer Sales Practices Act.

The complaint was heard by the Kettering Municipal Court on April Il, 1989. The trial court excluded any evidence of violation of the Consumer Sales Practices Act upon a finding that the consumer relief provisions of the Act could be used only as a claim or counterclaim and not as an affirmative defense as used by Campbell in his

answer. On that basis the court excluded any evidence concerning a violation of the act. (Tr. 43).

On May 25, 1989, the court issued its decision and judgment entry finding for Atelier Design, Inc., and granting a judgment in the amount of prayed. on June 5, 1989, Donald Campbell filed a timely notice of appeal.

## II
### Alleged Violation of the
### Consumer Sales Practices Act
### As An Affirmative Defense

Campbell attempted to show that Atelier Design, Inc., failed to conform to the requirements of R.C. 1345 and the Ohio Administrative Code Section 109:4-3-05 by failing to provide written notice to him advising him of the anticipated cost of the service and his right to have a written estimate and by materially understating the estimated cost. Campbell asserted that these failures on the part of Atelier provided him an affirmative defense against their action on an account for their services. He filed no form of claim or counterclaim on the same grounds.

R.C. 1345.09 provides that for a violation of the Consumer Sales Practices Act a consumer "has a cause of action" and is entitled to bring "an individual action" to rescind the transaction to recover his damages. At subsection (D), the statute provides that any consumer may seek a declaratory judgment, an injunction, or "other appropriate relief" against an act or practice that violates this chapter.

An affirmative defense is in the nature of a confession and avoidance. It admits the claim but asserts some reason in law why the plaintiff cannot have recovery on it.

Civ. R. 8(C) identifies "illegality" as an affirmative defense. R.C. 1345.02 prohibits use of unfair acts or practices in consumer transactions. To that extent the statute declares such acts to be illegal.

While the provisions of the Consumer Sales Practices Act must be construed liberally to accomplish the purposes of the General Assembly, the scope of the relief provided must be determined exclusively from the provisions of the statute. R.C. 1345.09 creates relief only in the form of a "cause of action" or "an individual action" brought to rescind the transaction or recover damages. The General Assembly has not established an alleged violation as an affirmative defense under Civ R. 8(C).

We hold that the relief provisions of R.C. 1345.09 may not be used as an affirmative defense and we affirm the holding of the trial court to that effect. In so doing we are guided by the fact that the Consumer Sales Practices Act in its other enforcement provisions contemplates an action by the Attorney General to achieve broad public purposes, of the Act and entitles the Attorney General to notice of any action brought by a consumer so that he may intervene to protect the public interest. Such notice would be difficult or impossible to accomplish upon a simple filing of an affirmative defense. Absent a specific provision in the statute creating an affirmative defense to be used by consumers, we cannot find that the consumer relief provisions of the statute encompass that form of defense. This holding does not, of course, concern counterclaims based on the same grounds. A counterclaim alleging a violation of the Act will lie, subject to the limitations of the Act.

Defendant-Appellant's first assignment of error is overruled.

## III
### Quantum Meruit

Campbell claims that the trial court erred in awarding fees beyond the amount of $2,500, the upper limit discussed by the parties in their initial conversations. He claims that the record does not support a conclusion that Atelier Design, Inc., is owed additional monies for services actually rendered above the limit discussed.

If an architect renders services pursuant to an express contract, the amount of his compensation is to be determined by the terms of the contract. *Owens v. Wilmington* (1921), 15 Ohio App. 400. If there is no agreement, he is entitled to the reasonable value of his services. American Jurisprudence, Proof of Facts, p. 27. Roger Gulickson testified that the agreement of the parties was entirely oral and that in their initial discussions he estimated that the cost to the Campbells of preparing working drawings for their residence would be between $1,500 and $2,500. (Tr. 25, 46). He testified that the figures given by him at that time constituted an estimate only and that he did not guarantee the cost or offer a condition of satisfaction as a part of the agreement of the parties. (Tr. 47-48). He testified that the final cost exceeded his estimate because it was necessary to add a basement to the plan and to make additional changes at the request of the Campbells. (Tr. 36, 37). He admitted that the estimate was exceeded because of his own "misjudgment" and additions or changes requested by Campbell. (Tr. 44). He offered specific "time sheets" showing the hours spent by him, his partner, Alexander Luque, and their design assistant Gay E. Mercer on the project. He also testified that the architect's fees were

in the range of $50 an hour and that of the design assistant was $23 to $26 an hour. He testified-that the amount remaining on the claim, after deduction of the initial payment from the Campbells, was $2,322.71.

Testimony was offered from Kent Sidle, a registered architect, who testified that the fees charged by Atelier Design, Inc., were reasonable and average or below average for the market area. (Tr. 62).

Mrs. Lynn Campbell testified that the fee quoted by Gulickson was $1,550 to $2,500. She stated that after receipt of the plan that the Campbells were dissatisfied with the elaborate front entrance provided for the placement of the house on the lot that they owned. (Tr. 79). Because of those defects, the Campbells ultimately retained the services of another architect who designed their home. His design services cost $4,771. (Tr. 22).

Campbell's second assignment of error argues, in essence, that the judgment of the trial court is not supported by the manifest weight of the evidence. In a civil action, an appellate court may not find a judgment to be against the manifest weight of the evidence if such judgment is supported by some competent, credible evidence. *C. E. Morris. Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279; *Seasons Coal Co. v. Cleveland* (1984) 10 Ohio St. 3d 77.

The testimony of Gulickson and other witnesses would reasonably support a finding by the trial court that the original figure of $1,500 to $2,500 was only an estimate and that additional design changes requested by the Campbells caused the fee reasonably owed to the architect to increase above the estimate given. Such evidence was competent and credible, and we cannot find that the trial court erred in choosing to believe it rather than the version advanced by the Campbells. Appellant's second assignment of error is overruled.

IV
*Conclusion*

The judgment of the trial court will be affirmed.

BROGAN, J. and FAIN, J., concur.