OPINION
Appellant James Iiams appeals the judgment entry of the Court of Common Pleas, Richland County, partially dismissing his claims stemming from a dispute over Appellee Bullock Garages Incorporated's ("Bullock's") construction of a garage at his residence. In October 1995, appellant contacted Bullock in response to the company's newspaper advertisement. In response to appellant's telephone call, Bullock representative James Visintine met with appellant at appellant's residence to discuss possible construction details. Following the sales presentation, appellant visited a previous customer's home to inspect a Bullock-built garage. On November 14, 1995, Visintine and appellant again met at appellant's home and executed a written contract for the construction of the garage. The contract established a price of $11,340. Construction began on December 8, 1995, and reached completion on December 21, 1995. In January 1996, appellant and his girlfriend began compiling a list of alleged defects in the construction of the garage, including the existence of cracks in the concrete floor. They contacted Bullock several times, resulting in attempts by Visintine to correct the problems. These actions did not ameliorate appellant's dissatisfaction with the project. On February 9, 1996, appellant and his attorney sent a letter to Bullock indicating that appellant was exercising his purported right to cancel the contract. On March 15, 1996, appellant filed a complaint in the Court of Common Pleas, Richland County, setting forth several bases for recovery and damages, including breach of implied warranty of workmanship, violation of the Ohio Home Solicitation Sales Act (R.C. 1345.21-.27), and violation of the Ohio Consumer Sales Practices Act (R.C. 1345.01
et seq.). The parties completed discovery and on October 14, 1997, the trial court partially granted Bullock's motion for summary judgment, dismissing appellant's claims under the Home Solicitation Sales Act ("HSSA") and Consumer Sales Practices Act ("CSPA"). The trial court conducted a bench trial on the implied warranty of workmanship claim on May 26, 1998. On October 14, 1998, the court issued an amended judgment entry granting an award of $3,000 in favor of appellant based on Bullock's failure to satisfactorily complete its job. Appellant timely appealed, centering on the trial court's dismissal of his HSSA and CSPA claims. He herein raises the following two Assignments of Error:
I THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN, IN CONTRAVENTION OF THE HOME SALES SOLICITATIONS (SIC) ACT, IT DETERMINED THAT HIGH PRESSURE SALES TACTICS ARE AN ELEMENT (A CONDITION TO RECOVERY) OF THE HOME SALES SOLICITATIONS (SIC) ACT AND SO DISMISSED PLAINTIFF'S CLAIM UNDER THE ACT.
II THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEN, IN CONTRAVENTION OF THE HOME SALES SOLICITATIONS (SIC) ACT, IT FOUND THAT DEFENDANT NEITHER INTENDED TO NOR PRACTICED FRAUD, AND SO DISMISSED PLAINTIFF'S CLAIM UNDER THE CONSUMER SALES PRACTICES ACT.
 I
In his First Assignment of Error, appellant argues that the trial court erred by dismissing his HSSA claim via summary judgment and by making the presence of "high-pressure" sales tactics a necessary condition for recovery under HSSA. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. In doing so, we refer to Civ.R. 56, which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. Of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, citing Celotex v. Catrett (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.
It is based upon this standard that we review appellant's arguments. R.C. 1345.21 establishes the parameters of a transaction subject to HSSA protection. Specifically, R.C.1345.21(A) details the definition of a home solicitation sale: "Home solicitation sale" means a sale of consumer goods or services in which the seller or a person acting for him engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for him, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business. * * *
Bullock stipulated in its answer to the complaint that the construction of the garage was a consumer transaction under R.C.1345.01(A). Furthermore, there was no dispute over the fact that appellant first contacted Bullock, which resulted in Visintine's visits to appellant's residence, at which location the contract was ultimately executed. Thus, the case sub judice would initially appear to fall under HSSA mandates. However, there are numerous exceptions listed in this portion of the statute, the fourth of which provides the crux of this assignment of error. R.C. 1345.21
continues as follows:
 [A home solicitation sale] does not include a transaction or transactions in which: * * * (4) The buyer initiates the contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale;
Turning to the record, we first take note of Visintine's deposition regarding Bullock's place of business:
 Q. Now, Bullock Garages has an office; is that correct?
 A. Yes. Q. And that's at 2182 Ashland Road, Mansfield, Ohio?
A. Yes.
 Q. What do you use this office for? A. Sales, as a home base to work out of. We stack concrete forms there. Just general business practices.
 Q. You use it to present sales presentations to customers, you said?
A. Sometimes.
Q. About how often are the average —
A. I'll give a percentage.
Q. A percentage, yes, please.
A. I'd say approximately 5 percent.
Q. And 95 percent would be where?
A. Out on the job site.
Q. Is that generally the customers' homes?
A. Again, that's about 95 percent on that.
Vistintine Deposition at 20.
The record also contains copies of Bullock's sales brochures, one of which shows a photograph of a three-stall garage, below which is the following wording:
SEE OUR DISPLAY BULLOCK GARAGES 2812 ASHLAND RD. RT. 42 MANSFIELD, OHIO 44905 419-589-6066
Bullock Garages World's Largest Garage Builders Visintine Deposition Exhibit 2.
Appellant argues that despite the brochure's invitation to view the display, Visintine actually finalized the contract at appellant's house, and further maintains that Visintine's generally required practice is to check out a prospective job site prior to stating a firm price. (Visintine Deposition at 21). Appellant thus insists that Bullock has no business establishment where it regularly offers or exhibits its services, thus causing it to fall outside the R.C. 1345.21(A)(4) exception under HSSA. We disagree with appellant's position, and are not persuaded that the trial court erred in granting partial summary judgment, as discussed infra. We further find no merit in appellant's contention that the trial judge added the element of "high-pressure" to the definition of a home solicitation sale. Taken in context, the trial court's holding that "reasonable minds could only find that the transaction between the parties had no element of high pressure in home sales in violation of the Home Solicitation Act," is instead an assessment of the nature of the Act, similar to the wording of R. Bauer Sons Roofing Siding, Inc. v. Kinderman (1992), 83 Ohio App.3d 53: "The clear purpose of the Act is to provide the consumer with a weapon against high-pressure sales tactics occurring in the home. See [Brown v.] Martinelli, 66 Ohio St.2d at 50, 20 O.O.3d at 41, 419 N.E.2d at 1084." Id. at 63. Although Bauer involved other home improvement products and services, it contains numerous parallels to the case sub judice. The roofing company in Bauer "maintain[ed] a warehouse and showroom at a fixed location at which it exhibit[ed] many of the products it offer[ed] for sale." Id. at 55. Bullock has an office in Mansfield used for sales, general business practices, storage, and, as indicated supra, a display model. In Bauer, the shingles, windows, and doors were specially ordered or manufactured depending on the particular sizes and requirements of each customer's house and were not stockpiled on-site, except for samples of each. Id. Similarly, Bullock kept vinyl siding and roofing shingle samples at the Mansfield location. (Visintine Deposition at 23). "Merely because the seller must order a larger number or different size of the sample item to accommodate the customer does not defeat the logic of the [HSSA] exception." Bauer at 63. Thus, despite Visintine's estimation that Bullock conducts only approximately five percent of its sales presentations at the Mansfield site, our review of the record indicates that reasonable minds could only come to the conclusion that Bullock at least "regularly offered or exhibited for sale" its garage building capabilities at its established place of business. Therefore, the statutory exception in R.C. 1345.21(A)(4) applies. We find no error in the trial court's denial of appellant's HSSA claim. Additionally, in his reply brief, appellant raises for the first time in this appeal the argument that the exception in R.C.1345.21(A)(4) is an affirmative defense which Bullock failed to properly plead in its answer. He therefore contends that Bullock's ability to make use of the statutory exception was effectively waived. "Under [Civ.R. 8(C)], as under the code, an affirmative defense serves the function of avoiding surprise." Staff Note to Civ.R. 8.(C). "An affirmative defense * * * admits the claim but asserts some reason in law why the plaintiff cannot have recovery on it." Atelier Design, Inc. v. Campbell, (1990), 68 Ohio App.3d 724,727. The Ohio Supreme Court has held: "`An affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the "confession") but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the "avoidance").'" State ex rel. The Plain Dealer Publishing Co. v. Cleveland (Ohio 1996),75 Ohio St.3d 31, 33, quoting 1 Klein, Browne Murtaugh, Baldwin's Ohio Civil Practice (1988) 33, T 13.03. Our research provides no specific authority for the proposition that the R.C.1345.21(A) exceptions must be pled in an answer or else be treated as waived. Bullock did not admit either the implied warranty, CSPA, or HSSA claims asserted by appellant, and its defense was not in the nature of a "confession and avoidance" as contemplated in the definitions above. Appellant's position is without merit. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant argues that the trial court erred by finding that Bullock neither intended nor practiced fraud and by thereby dismissing the CSPA claim. Initially, we are compelled to note that R.C. 1345.02 does not require intent on the part of a supplier. Hubbard v. Bob McDorman Chevrolet (1995),104 Ohio App.3d 621, 627. However, appellant narrows his discussion to the contention that Bullock's purported failure to strictly comply with the HSSA writing requirements of R.C. 1345.23 was, by statutory definition, a deceptive practice under CSPA. Pursuant to R.C. 1345.28, the "[f]ailure to comply with sections 1345.21 to1345.27 of the Revised Code constitutes a deceptive act or practice in connection with a consumer transaction in violation of section 1345.02 of the Revised Code." Bullock denies that its written contract failed to meet the R.C. 1345.23 standards. Nevertheless, we need not further analyze this issue based on our prior holding in this opinion. The transaction in the case sub judice did not fall under the definition of a home solicitation sale, therefore appellant's reliance on R.C. 1345.23 is groundless. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Richland County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Edwards, J. concur.