OPINION
Defendant-appellant Magdalene Sagrilla [hereinafter appellant] appeals the March 20, 2001, Judgment Entry of the New Philadelphia Municipal Court. The plaintiffs-appellees are Dave Mushrush and New Phila Welding, Inc. [hereinafter appellees].
 STATEMENT OF THE FACTS AND CASE
Appellant sought to have a crawl space and basement dug for placement of a manufactured home on the foundation. Rick McDade, who knew both appellant and appellees, put appellant and appellees into contact with one another. Appellant and appellee Dave Mushrush, President of New Phila Welding, Inc., agreed that appellees would perform the excavating work for appellant.
The excavating work began on November 21, 1996. Subsequently, a dispute arose between appellant and appellees regarding the quality, speed and costs of the excavation.
On May 6, 1997, appellee Dave Mushrush, as an agent of New Phila Welding, Inc., filed a Complaint in the Small Claims Division of the New Philadelphia Municipal Court. The Complaint sought judgment for $1,976.25 for the excavation work. On May 20, 1997, appellant filed an Answer and Counterclaim. The Answer and Counterclaim raised affirmative defenses and claims under the Ohio Home Solicitation Sales Act [hereinafter HSSA], R.C. 1345.21, et. seq., and the Ohio Consumer Sales Practices Act [hereinafter CSPA], R.C. 1345.01 et seq. That same day, May 20, 1997, appellant filed a motion to transfer the case to the regular docket of the New Philadelphia Municipal Court, pursuant to R.C.1925.10(A). On May 23, 1997, the trial court transferred the action to the regular docket.
On June 16, 1997, the trial court granted appellees leave to file an Amended Complaint. Thereafter, on June 23, 1997, appellees filed an Amended Complaint seeking $2,500.00 for the excavation services. On July 21, 1997, appellant filed an Answer and Counterclaim to appellees' Amended Complaint.
A trial before a Magistrate was conducted on July 1, 1999. On January 19, 2000, the Magistrate issued a Decision. The Magistrate's Decision recommended that judgment be rendered in favor of the appellees for the sum of $1,976.25.
Appellant filed Objections to the Magistrate's Decision. A hearing on the Objections was held on August 23, 2000.
On March 20, 2001, the trial court issued a Judgment Entry. The trial court held that the facts of the case took the transaction outside the HSSA and CSPA. The trial court overruled appellant's Objections and adopted the Magistrate's Decision. The trial court entered judgment against appellant and in favor of appellees in the amount of $1,976.25.
It is from the March 20, 2001, Judgment Entry that appellant appeals, raising the following assignments of error:
 THE TRIAL COURT ERRED IN HOLDING THAT THE CONSUMER SALES PRACTICES ACT (CSPA), R. C. CHAPTER 1345, DOES NOT APPLY TO HOME IMPROVEMENT CONTRACTS.
 THE TRIAL COURT ERRED IN FAILING TO FIND THE PLAINTIFFS VIOLATED THE CSPA.
 THE TRIAL COURT ERRED IN FAILING TO ENFORCE OAC 109:4-3-05.
 PLAINTIFF [SIC] CHARGED FOR REPAIRS AND SERVICES WHICH SAGRILLA DID NOT AUTHORIZE [SIC] REQUIRED BY O.A.C. [SIC] 109:4-3-05(D)(6).
 THE TRIAL COURT ERRED IN FAILING TO REQUIRE A NOTICE OF CANCELLATION.
 PLAINTIFFS FAILED TO PROVIDE SAGRILLA WITH AN ITEMIZED STATEMENT.
 PLAINTIFFS ENGAGED IN ABUSIVE DEBT COLLECTION HARASSMENT.
 PLAINTIFFS MISSTATED SAGRILLA'S LEGAL OBLIGATION TO PAY INTEREST.
 III. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S FACTUAL FINDING THAT SAGRILLA FAILED TO PROVE DAMAGES.
 IV. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S FACTUAL FINDIND [SIC] THAT THE TRANSACTION WAS INITIATED BY THE BUYER.
 V. THE TRIAL COURT ERRED IN FAILING TO APPLY THE OHIO HOME SOLICITATION SALES ACT (OHSSA).
 PLAINTIFFS NEVER PLED ANY DEFENSE UNDER R.C. 1345.21(A)(4).
 THE TRIAL COURT ERRED IN THE FACTUAL FINDING THAT THIS TRANSACTION WAS INITIATED BY SAGRILLA.
 THE TRIAL COURT ERRED IN THE FACTUAL FINDING THAT PLAINTIFFS MAINTAIN A FIXED LOCATION WHERE THE GOODS ARE DISPLAYED.
 VI. THE MAGISTRATE ERRED IN GRANTING JUDGMENT TO PLAINTIFF [SIC] ON THE BREACH OF CONTRACT CLAIM WHERE THE CONTRACT VIOLATED THE CSPA AND HSSA, AND WHERE THE PLAINTIFF [SIC] FAILED TO PERFORM IN A WORKMANLIKE MANNER BY DIGGING THE FOUNDATION TOO BIG THEREBY COSTING SAGRILLA AN ADDITIONAL $3,000.
 IV, V
We will initially address appellant's fourth and fifth assignments of error. In the fourth assignment of error, appellant contends that the trial court erred when it found that the transaction between appellant and appellees was initiated by appellant, the buyer. In the fifth assignment of error, appellant argues that the trial court erred when it found an HSSA defense, the exclusion in R.C. 1345.21(A)(4), applicable to the circumstances of this case, rendering the HSSA unavailable to appellant. Since one of the elements of the R.C. 1345.21(A)(4) exemption is that the buyer initiated the contact between the buyer and seller, we will address these assignments together.
Appellant claimed that the appellees violated the HSSA (Home Sales Solicitation Act). A "home solicitation sale" is defined as a "sale of consumer goods or services in which the seller or a person acting for him engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for him, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business." R.C. 1345.21(A). However, certain transactions are excluded from that definition. See R.C. 1345.21(A)(1)-(7). Specifically, R.C. 1345.21(A)(4) excludes a transaction if the following circumstances apply:
 The buyer initiates the contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale.
If a transaction is excluded from the definition of a home solicitation sale by R.C. 1345.21(A)(4), the transaction is not subject to the HSSA. The trial court found that this transaction between appellant and appellees was excluded from HSSA coverage by R.C. 1345.21(A)(4).
Appellant argues 1) that the appellees did not plead any defense under R.C. 1345.21(A)(4); 2) that the trial court erred when it found that the transaction was initiated by appellant; and 3) the trial court erred when it found that the appellees maintained a fixed location where the goods are displayed.
We will first address appellant's argument that R.C. 1345.21(A)(4) constitutes an affirmative defense. Appellant contends that since R.C.1345.21(A)(4) is an affirmative defense, appellees had a duty to plead the defense in accordance with Civ.R. 8(C).[1] Since appellees failed to plead the defense, appellant contends appellees waived the defense.
As appellant points out, this court has addressed this issue previously. This court held that the R.C. 1345.21(A)(4) exemption is not an affirmative defense which must be pled in accordance with Civ.R. 8(C). Iiams v. Bullock Garages, Inc. (Sept. 20, 1999), Richland App. No. 98CA75, unreported, 1999 WL 770723. In Iiams, this court made the following holding:
 Additionally, in his reply brief, appellant raises for the first time in this appeal the argument that the exception in R.C. 1345.21(A)(4) is an affirmative defense which Bullock failed to properly plead in its answer. He therefore contends that Bullock's ability to make use of the statutory exception was effectively waived.
 "Under [Civ.R. 8(C)], as under the code, an affirmative defense serves the function of avoiding surprise." Staff Note to Civ.R. 8.(C). "An affirmative defense * * * admits the claim but asserts some reason in law why the plaintiff cannot have recovery on it." Atelier Design, Inc. v. Campbell, (1990), 68 Ohio App.3d 724, 727, 589 N.E.2d 474. The Ohio Supreme Court has held: "`An affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the "confession") but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the "avoidance").'" State ex rel. The Plain Dealer Publishing Co. v. Cleveland (Ohio 1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187, quoting 1 Klein, Browne Murtaugh, Baldwin's Ohio Civil Practice (1988) 33, T 13.03.
 Our research provides no specific authority for the proposition that the R.C. 1345.21(A) exceptions must be pled in an answer or else be treated as waived. Bullock did not admit either the implied warranty, CSPA, or HSSA claims asserted by appellant, and its defense was not in the nature of a "confession and avoidance" as contemplated in the definitions above. Appellant's position is without merit.
This court has clearly held that the R.C. 1345.21(A)(4) exemption is not an affirmative defense and need not be raised pursuant to Civ.R. 8(C). We find no reason to overrule our previous holding.
Appellants next two arguments concern whether appellees met their burden to demonstrate that R.C. 1345.21(A)(4) excludes the transaction in question from the HSSA. Appellees, as the parties seeking to assert the protection of the exemption, bore the burden of proving the facts warranting the exception. Clemens v. Duwel (1995), 100 App.3d 423, 427 (citing State ex rel. Schaefer v. Montgomery Cty. Bd. of Commrs. (1967),11 Ohio App.2d 132). In order to fall within this exception, appellees had to prove 1) that appellant initiated the contact between the parties for the purpose of negotiating a purchase, 2) that appellees had a business establishment at a fixed location in Ohio, and 3) that the goods or services involved in the transaction were regularly offered or exhibited for sale at the fixed location. See Clemens v. Duwell, supra, at 428, R. Bauer Sons Roofing v. Kinderman (1992), 83 Ohio App.3d 53.
First, appellant argues that the trial court erred when it found that this transaction was initiated by appellant. The trial court adopted the following findings of the Magistrate: "The evidence established that the plaintiff [sic][2] was contacted through an agent of the defendants [sic][3] for the purpose of doing a new home excavation. The agent of the defendant was Rick McDade." Magistrate's Decision, page 3-4.
In the fourth assignment of error, appellant argues that the evidence did not support the trial court's factual finding that McDade was appellant's agent. Appellant claimed at trial that she never asked McDade, whose sister was dating appellee Mushrush, to assist her with the excavation or act as her agent. However, McDade testified that appellant asked him to find a contractor for her to excavate a basement for a mobile home. McDade claimed that as a result of appellant's request, he put appellant in touch with appellees.
In essence, appellant is arguing that the trial court's finding is against the manifest weight of the evidence. When a party asserts that the decision of the finder of fact in a civil proceeding is against the manifest weight of the evidence, the only role of a reviewing court is to determine whether there is some, meaning any, competent credible evidence to support the conclusion. It is axiomatic that judgments supported by this degree of evidence cannot be reversed on a manifest weight argument. See C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 280. It is important that the court of appeals be guided by a presumption that the findings of the trier-of-fact are correct. Chegan v. AAAA Continental Heating Air Conditioning, and Bldg. (Nov. 24, 1999), Cuyahoga App. No. 75190, unreported, 1999 WL 1068366 (citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77). Where the decision in a case turns upon credibility of testimony and there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings must be given by the reviewing court. Myers v. Garson (1993), 66 Ohio St.3d 610, 614.
In this case there is conflicting evidence as to whether appellant asked McDade to act as her agent and find an excavator for her. The trier of fact had to judge the credibility of the witnesses. We find that there is competent and credible evidence to support the trial court's conclusion that McDade acted as appellant's agent in putting appellees and appellant in contact with each other.
Next, in the fifth assignment of error, appellant cites this court toEdgell v. Aurora, Inc. (Dec. 12, 1985), Cuyahoga App. No. 49827, unreported, 1985 WL 4344, for the proposition that the R.C. 1345.21(A)(4) exemption does not include transactions initiated by agents of the buyer, only those initiated by the buyer himself or herself. Appellant argues that since appellant herself did not contact appellees, the exemption is inapplicable.
The Edgell court made the following analysis based upon the facts of that case:
 In this case, Edgell did not initiate contact with the contractor. The uncontroverted evidence is that the insurance agent contacted Aurora Builders for the purposes of boarding up the burned out structure and estimating the damage. All of the negotiations that took place occurred between the insurance agent and the contractor. By the time Edgell was informed of the status of the negotiations, some sort of arrangement had been made between the insurance agent and Aurora Builders. The evening the contract was presented to Edgell, the check had already been made out to both Edgell and Aurora Builders. This arrangement had been worked out without Edgell taking part in the negotiations at all.
 The exception in R.C. 1345.21(A)(4) was designed to protect sellers in situations where the initial contact is made by the consumer as a part of a process of negotiating a purchase. The facts of this case do not meet that exception. Edgell did not initiate the contact, nor did he negotiate for the contract. Any protection provided to him by the Act should not be withdrawn by the acts of the insurance agent.
However, we find the facts in the case sub judice and the facts inEdgell are distinguishable. In Edgell, the negotiations with the seller were handled entirely between the seller and an insurance agent. Edgell neither initiated the contact nor negotiated a contract with the seller. In fact, the insurance agent and the seller had negotiated the contract prior to informing Edgell of the status of the negotiations. Here, the evidence supports a finding that McDade, acting as an agent of appellant, contacted the appellees upon appellant's instruction. Further, the negotiation for a contract was conducted by appellant and appellees, not McDade. Under the circumstances sub judice, we find that the exemption remains available to appellees despite appellant's use of an agent to make the initial contact between appellant and appellees.
In conclusion, we find that the trial court's finding that McDade was appellant's agent was not against the manifest weight of the evidence and that appellant's use of an agent did not preclude application of the R.C. 1345.21(A)(4) exclusion.
Lastly, in the fifth assignment of error, appellant argues that the record does not support the trial court's finding that appellees maintain a fixed location where goods and services are regularly offered or displayed for sale. As noted previously, in order to claim this exemption, the seller must regularly offer or exhibit the very goods or services involved in the transaction in question at a fixed business location in the state. R.C. 1345.21(A)(4); Clemens v. Duwel (1995),100 Ohio App.3d 423, 427-428. Appellees respond that "the trial court found that NPW [New Phila Welding] has a fixed location in the state of Ohio where it conducts business and offers its services for sale." However, appellee offers no citation to the record to support this finding.
Appellant is arguing that the finding of the trial court is against the manifest weight of the evidence. As stated previously, when a party asserts that the decision of the finder of fact in a civil proceeding is against the manifest weight of the evidence, the only role of a reviewing court is to determine whether there is some, meaning any, competent credible evidence to support the conclusion. See C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280.
Upon review of the transcript of proceedings, this court has found evidence to support a finding that the business is incorporated, was started in 1945, has a garage where its equipment is stored and a computer upon which it creates its bills. Therefore, there is evidence to support a finding that appellees have a fixed location in Ohio. However, there is no evidence to support a finding that there is a fixed place of business where the services provided to appellant are regularly offered or displayed for sale. Further, we note that the factual findings of the trial court do not state that goods or services are offered at appellees' fixed location[4]. The factual findings only state that appellees maintain a fixed location in Ohio. Since the record does not support each element required under R.C. 1345.21(A)(4), we find that the trial court erred when it excluded this transaction from HSSA coverage pursuant to the R.C. 1345.21(A)(4) exclusion.
Appellant's fourth assignment of error is overruled. Appellant's fifth assignment of error is sustained, in part, and overruled, in part.
 I
In the first assignment of error, appellant contends that the trial court erred when it held that the CSPA, as codified in R.C. 1345.01 et seq. does not apply to home improvement contracts. We find that the argument, as expressly asserted in the assignment of error, fails. The trial court specifically held that "the most recent case out of the Fifth District of Appeals makes it clear that the Home Solicitation Sales Act and Consumer Sales apply to the types of improvements which were contracted for in the case sub judice. . . ." March 20, 2001, Judgment Entry, pg. 2.
However, despite the language used in the assignment of error, what appellant actually argues is that the trial court erred when it applied the 1345.21(A)(4) exclusion from the HSSA to CSPA claims which did not arise from violations of the HSSA. We agree.
While all HSSA violations are violations of the CSPA, pursuant to R.C.1345.28, not all CSPA violations are violations of the HSSA. An exclusion from the HSSA cannot be applied to a CSPA claim that has not arisen from the HSSA.
Some of appellant's claims arose out of the CSPA and were not related to the HSSA. Appellant argues that the trial court used the exclusion found in R. C. 1345.21(A)(4) of the HSSA as a defense to the "pure" CSPA claims.
The trial court made the following, relevant findings:
 [T]he Home Solicitation Sales Act was not applicable under the facts presented. The Magistrate found that: "the agent of the defendant was Rick McDade. The plaintiff visited the defendant at her home and gave her an oral estimate that the digging of her basement and foundation would be in the price range of $2,000.00 to $2,500.00. The defendant did not want a written estimate or contract. The defendant wanted the work to begin as soon as possible. The plaintiff is in the business of digging basements. The defendant maintains a place of business in the State of Ohio. The place of business is the address listed in the complaint."
 This Court, therefore, finds that although the most recent case out of the Fifth District Court of Appeals makes it clear that the Home Solicitation Sales Act and Consumer Sales Practices Act apply to the types of improvements which were contracted for in the case sub judice, the findings of fact made by the Magistrate, which are supported by the transcript, demonstrate he correctly concluded that the facts in this particular case take the transaction outside of the Home Solicitation Sales Act and the Consumer Sales Practices Act. . . .
March 20, 2001, Judgment Entry.
The trial court held that "the facts in this particular case take the transaction outside of the Home Solicitation Sales Act and the Consumer Sales Practices Act. . . ." The facts cited by the trial court include facts relevant to the R.C. 1345.21(A)(4) exclusion of the HSSA. In general, if the exclusion would apply, the transaction would not be within the definition of a transaction covered by the HSSA[5]. No similar exclusion is provided in the CSPA. The trial court's use of the phrase "take the transaction outside of the Home Solicitation Act and the Consumer Sales Practices Act" indicates that the trial court found that the Acts do not apply to this transaction at all. While the trial court set forth other facts relevant to the determination of whether appellant proved her claims, such facts would not "take the transaction outside of the Home Solicitation Sales Act and the Consumer Sales Act." (Emphasis added) The other facts cited by the trial court are only relevant to whether appellant proved her claims under the Acts, not whether the transaction is within the definitions of transactions protected under the HSSA or CSPA. Because the trial court found that the facts took the transaction outside of the Consumer Sales Protection Act, we conclude that the trial court did in fact erroneously apply an exclusion from the HSSA to pure CSPA claims.
Appellant's assignment of error is sustained, in part, as it relates to the trial court's application of a HSSA exclusion to pure CSPA claims. Appellant's assignment of error is overruled, in part, as to appellant's contention that the trial court ruled that the CSPA generally does not apply to home improvement claims.
 II
In the second assignment of error, appellant claims that the trial court erred when it failed to find that appellees violated the CSPA. In light of our holdings in assignments of error I and V, we find the factual issues presented in the second assignment of error are premature. As such, appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant contends that the trial court erred when it adopted the Magistrate's finding that appellant failed to prove damages. The trial court adopted the following finding of the Magistrate: "The most fascinating aspect of this case is that the defendant's own expert witness, Keith Stoneman, testified that he saw no "shoddy work" at the work site. The Court concludes that there was no showing of damage in this case by the defendant [appellant]." Magistrate's Decision, pg. 3.
In light of our holdings in assignments of error I and V, this matter is being remanded to the trial court for the trial court to determine, from the evidence already presented, whether there have been violations of the CSPA and HSSA. If the trial court finds a violation/violations, then the trial court must determine what remedies are appropriate. Possible remedies include actual damages as well as cancellation of the contract and statutory damages. See R.C. 1345.09; 1345.23(C).
Therefore, we find that addressing this assignment now would be premature.
 VI
In the sixth assignment of error, appellant argues that the trial court erred when it granted judgment in favor of appellees on the breach of contract claim when the contract violated the CSPA and HSSA and where appellees failed to perform the work in a workmanlike manner. We find this issue is premature since the trial court has yet to determine whether appellee violated the HSSA or CSPA. We note that the CSPA and the HSSA provide remedies that do not require a showing of actual damages. These remedies include cancellation of a contract and statutory damages. See R. C. 1345.09; 1345.28; 1345.23(C). For example, appellant raised a claim that appellee failed to provide a "Notice of Cancellation," in violation of R.C. 1345.23. A contractor who begins or even completes work prior to giving the Notice of Cancellation does so at his own risk because the law allows the consumer to cancel a contract anytime prior to the consumer receiving the Notice of Cancellation. See Clemens v. Duwel
(1995), 100 Ohio App.3d 423, 430; Patterson v. Stockert (Dec. 13, 2000), Tuscarawas App. No. 2000 AP01 0002, unreported, 2000 WL 1862842. In general, if a consumer canceled the contract before the consumer was given a Notice of Cancellation, that consumer would be entitled to the return of any amounts of money paid to the violating party or, as in this case, would be relieved of paying for the work completed. See Clemens, supra. This is so even if the work was done in a workmanlike fashion.
On remand, the trial court will be required to determine, among other things, whether appellee violated the "Notice of Cancellation" requirement of R.C. 1345.23 and whether appellant has canceled the contract per R.C. 1345.23(C).
In light of our holdings in assignments of error I and V, we find appellant's assignment of error to be premature.
The judgment of the New Philadelphia Municipal Court is reversed and the matter is remanded for further proceedings consistent with this decision. The trial court is instructed to reconsider appellant's and appellees' objections in light of the CSPA and HSSA and the evidence presented at the July 1, 1999, hearing.
By EDWARDS, J. WISE, J. concurs. HOFFMAN, P.J. concurs in part and dissents in part.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court is reversed and remanded to the trial court for further proceedings consistent with this opinion. Costs to appellee.
[1] Civ.R. 8(C) states the following: "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation."
[2] Plaintiff should be plaintiffs.
[3] Defendants should be defendant.
[4] "The plaintiff is in the business of digging basements. The defendant maintains a place of business in the State of Ohio. The place of business is the address listed in the complaint." March 20, 2001, Judgment Entry.
[5] This court has previously ruled that the trial court's application of the R.C. 1345.21(A)(4) exclusion was against the manifest weight of the evidence. See Assignment of Error V, supra.